MARGARET W. DEYMANN, RELATOR, v. MAYOR AND ALDERMEN OF JERSEY CITY AND JOHN SAUL, BUILDING INSPECTOR OF JERSEY CITY, RESPONDENTS.

Submitted January 29, 1926—Decided May 4, 1926—Filed June 19, 1926.

**Municipalities—Building Permits—Relator Claims Plans Submitted do Not Contain Objections Upon Which the Refusal of Permit was Based—It Appears That There May be a Confusion of Two Sets of Plans—An Alternative Writ Allowed.**

On rule to show cause why a *mandamus* should not issue.

Before Justices TRENCHARD and KATZENBACH.

For the relator, *Pierre F. Cook.*

For the respondents, *Thomas J. Brogan (Frank J. Reardon,* of counsel).

PER CURIAM.

This case comes before us on a rule to show cause why a writ of *mandamus* should not issue commanding the municipal corporation, the mayor and aldermen of Jersey City and its building inspector, to issue to Margaret W. Deymann, the relator, a building permit for the erection and construction of two stores, a show room and offices on property known as 804 Bergen avenue, in the city of Jersey City. Under the rule depositions have been taken.

The testimony shows the relator is the owner of the property. On September 12th, 1925, the relator claims that she filed with the commission on building districts and restrictions of Jersey City (known as the zoning commission) plans and specifications for the erection of the improvements mentioned for its certification and approval, and that the plans and specifications were approved and afterwards presented to the building inspector with the request that the permit be granted, and that he refused to grant it and referred the

matter to the board of commissioners of Jersey City. On October 6th, 1925, the board of commissioners passed a resolution that the application of the relator be denied, for the reason that the show room which it was proposed to build might possibly be used as a garage, and for the further reason that the contemplated building would be within ten feet of a building on the adjoining property. The depositions show that the relator is not to use the proposed show room as a garage, and that it will not be within ten feet of a building on any adjoining property. The testimony taken under the rule further shows that the relator has a garage on the rear of the tract of land in question. Bergen avenue is not zoned for residential purposes, but for commercial uses. The testimony fails to support the contention that the show room in to be used for garage purposes. If Jersey City has a right to prevent such a use this right can be invoked when the relator attempts to use it for such a purpose. *H. Krumgold & Son* v. *Jersey City*, 3 N. J. Adv. R. 1546.

The difficulty which we have with the case is that the proofs, with respect to the filing of the plans and specifications for the proposed building, are indefinite and unsatisfactory.

The respondents contend that there is not a single line of evidence on the part of the relator to corroborate her statement that, on the 22d of September, 1925, she filed with the building inspector plans and specifications for the construction of said stores, offices and show rooms upon the lot mentioned.

Looking with care at the testimony, we are inclined to think that the respondent's contention is right in this respect. The witness Hugh A. Kelly, who claimed that he filed the plans and specifications, admitted on cross-examination that the plans which he filed were stamped by the building department and handed back. He likewise admitted that the plans which were offered in evidence by the relator did not bear the stamp of the building department, and that the plans offered in evidence were not the plans filed with the building **department.**

It seems a reasonable inference that this confusion arises from two sets of plans being in existence, one handed to the department and the other, apparently, not handed to the department. On the part of the city custodians of the records show that the records indicate no filing of plans and specifications. The testimony of the city officials is to that effect.

To grant a peremptory writ of *mandamus* the proofs of the relator's right thereto must be clear. In view of the uncertainty of the testimony regarding the proofs of the filing of the plans and specifications by the relator, we have reached the conclusion that a peremptory writ of *mandamus* should not be awarded. An alternative writ will be awarded.