WILLIAM A. McALLISTER ET AL., RELATOR, v. FRANK B. MOFFETT, BUILDING INSPECTOR, ET AL., RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relators, *Earl A. Merrill.*

For the respondents, *Paul Q. Oliver.*

PER CURIAM.

This case is before this court upon a rule to show cause why a peremptory or alternative writ of *mandamus* should

not issue out of this court directing the respondents to issue to the relator a permit for the alteration of a dwelling house located at 141 Harrison avenue, in the town of Westfield. The relator applied to the building inspector for a permit to alter the dwelling house. The building inspector refused to grant the permit on the ground that he could not see any good reason for the proposed change except to change the building from a one-family house into a two-family house. The tract of land upon which the building is erected is in a residence district known as class "A," in which a dwelling for one family only can be used. The zoning ordinance does not prohibit any particular construction. It goes to use only. Because a dwelling house by reason of alterations might be made use of as a two-family dwelling house is not, in our opinion, sufficient ground for the refusal of a permit. The refusal infers that an unlawful use is intended. It might be that a perfectly lawful use is intended. If, after the alteration was made, there was an attempt to use the property as a two-family house in violation of the zoning ordinance, such a use could be prevented by appropriate procedure.

The respondents claim that this is a zoning case and that the remedy of the relator is to apply to the board of adjustment of Westfield. We do not take this view. The functions of a board of adjustment are to modify the application of the provisions of a zoning ordinance where the clear intention is to erect upon a tract of land something forbidden under the provisions of the zoning ordinance. This the relator contends he does not propose to do. Unless it is conclusively shown, which it is not in the present case, that the zoning ordinance is to be violated by the erection of the proposed building, then the board of adjustment has no jurisdiction.

All of the facts relating to the controversy seem to be included in the record presented to us. There appears to be no need of further elucidation of the facts. A peremptory writ of *mandamus* is awarded.

If a review of this decision is desired a rule allowing and directing the molding of the pleadings to attain that end is hereby allowed at the instance of the party desiring the review.