15 N.J. Super. 409 (1951)
83 A.2d 538
JOHN S. GUTTMAN AND JULIA GUTTMAN, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF BRADLEY BEACH, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1951.
Decided October 2, 1951.
*410 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Jerome S. Lieb argued the cause for appellants (Messrs. Harkavy & Lieb, attorneys).
Mr. Irving S. Keith argued the cause for respondent.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiffs brought this proceeding in lieu of mandamus in the Law Division to compel the defendant to issue a building permit to allow plaintiffs to lay a wooden floor in the cellar of a one-story dwelling house on the rear of a lot at 103 Third Avenue in Bradley Beach.
Plaintiffs acquired the property in 1928. The house then had no cellar. It was a two-family structure, occupied as such when the municipality in 1931 adopted an ordinance restricting occupancy of any dwelling on the rear of a lot to occupancy by but one family.
In 1945 plaintiffs obtained a building permit to alter the structure into a one-family house. After the alteration, the *411 left half of the house consisted of a kitchen, bedroom, toilet and closet, and the right half consisted of two rooms, toilet and closet, but no kitchen; and, although no mention of a cellar appeared in the plans and specifications filed with the application for the permit, in the course of the alteration a cellar was built, subdivided by a cement block partition and equipped with kitchen cabinets, gas stove, sink and toilet.
The relief sought was denied by the Law Division on the ground that the appearance of the structure after alteration evinced an intention to permit occupancy by more than one family, which use, it was held, would be violative of the 1931 ordinance either because the right to the continued non-conforming use as a two-family structure had been abandoned by the filing of the 1945 application to alter to a one-family house and the subsequent alteration, or because, even if two-family use was permissible, nevertheless the cellar constituted an unauthorized and therefore illegal enlargement of the non-conforming use which existed at the time of the passage of the 1931 ordinance.
That the structure might be used in violation of the ordinance was not sufficient reason to deny relief. There was no proof whatever of the use being made or intended to be made of the house. It may be that a perfectly lawful use is contemplated. If the borough has a right to prevent a particular use, that right can be invoked by appropriate procedures when the plaintiffs actually attempt such use. Deymann v. Mayor and Aldermen, Jersey City, 4 N.J. Misc. 571 (Sup. Ct. 1926); McAllister v. Moffett, 6 N.J. Misc. 692 (Sup. Ct. 1928).
And, without proof of the actual or intended use of the structure by more than one family, there was no basis for the holding that, upon the premise of a continued non-conforming two-family use, the building of the cellar was an unauthorized and illegal enlargement of that use.
The borough argues, however, that in any event plaintiffs are not entitled to a permit to lay the floor because they built the cellar without first obtaining a permit to do so. *412 The 1931 ordinance does not prohibit the building of a cellar under a dwelling house but only the occupancy of any building located on the rear of a lot by more than one family. It thus appears that the building on the rear of the lot of a one-family house with a cellar would not offend the ordinance. The borough's brief concedes that "the Borough Authorities could not then (in 1945) have told the plaintiffs that they could not erect a one family house on the property." There being no proofs to support a finding of violation of the 1931 ordinance, and the borough not contending that construction of the cellar violated any other applicable ordinance or building code, the permit to lay the floor may not be denied merely because the plaintiffs built the cellar without first obtaining a permit to do so. The borough's remedy is to invoke such penal or other sanction as may be provided by law for causing construction work to be done without a permit.
Reversed and remanded with direction to enter judgment commanding defendant to issue the permit. No costs.